IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ARNOLD H. THOMAS**                                                                                    **PLAINTIFF**
**05806-095**
**V.**
                                          **CIVIL ACTION NO. 3:18CV585 HTW-LRA**

**WARDEN CHERON NASH and**
**DR. ANTHONY CHAMBERS**                                                                      **DEFENDANTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Thomas filed the instant Complaint, pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), while incarcerated at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi. At the time of filing, Petitioner alleged that he needed an emergency knee replacement but claimed Defendants were prolonging his medical care in deliberate indifference to his medical needs in violation of his Eighth Amendment rights. He also appeared to claim that Defendants were interfering with his ability to exhaust his administrative remedies. As grounds for relief, he sought an injunction and the immediate transport to the nearest hospital for a full medical evaluation, as well as any compensatory relief the Court deems appropriate. The record reflects that he has now been released.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citation omitted). The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis*, 494 U.S. at 477-78).

Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).

Pursuant to the order of March 4, 2019, Defendants advise that Plaintiff was released from FCC-Yazoo on November 26, 2018. An inmate's transfer or release from prison moots the inmate's claim for injunctive and declaratory relief, and any claim based on a possible future confinement in the offending institution is "too speculative to warrant relief." *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001) (holding that an inmate's transfer from an offending institution normally "render[s] . . . claims for declaratory and injunctive relief moot") (citing *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991)); *see also Tamfu v. Ashcroft*, 54 F. App'x 408 (5th Cir. 2002). Plaintiff's declaratory and injunctive relief claims are therefore moot.

This case is also subject to dismissal for want of prosecution and failure to comply with the Local Rules requirement to maintain a current address with the Court. *See Rice v. Doe*, 306 F. App'x 144 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order);*McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)). Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court

2

of address changes." *See* Local Rule 11(a); *Wade v. Farmers Ins. Group*, 45 F. App'x 323 (5th Cir. 2002) (even incarcerated litigants must inform the court of address changes).

By order of the Court, on August 27, 2018, Plaintiff was warned that failure to keep the court informed of his current address, and failure to comply with orders of the court would result in the dismissal of his case. Yet, Plaintiff has failed to provide a current address since his release and has not communicated with the Court since filing a motion for leave to proceed in *forma pauperis* on September 6, 2018. As a result, the Court's last three orders that were forwarded to Plaintiff have all been returned as undeliverable.

This court has the authority to dismiss an action *sua sponte* for failure to prosecute and to comply with court orders under Rule 41(b), Fed. R. Civ. P., and under its inherent authority. *See Link,* 370 U.S. at 626; *Lynaugh*, 835 F.2d at 1126; *Rice*, F. App'x. at 146. Plaintiff's requests for injunctive and declaratory relief are rendered moot by his release from custody. Further, his failure to maintain a current address with the clerk of the court suggests that he has lost interest in pursuing any remaining claims of relief. The undersigned therefore recommends that his Complaint be dismissed without prejudice. Alternatively, if Plaintiff files a timely objection to this Report and Recommendation, demonstrating that his claims are not moot and he has not lost interest in this case, he should be allowed to proceed.[1]

---

[1] The undersigned is mindful of the futility in providing Petitioner an opportunity to notify the Court of collateral consequences given that the Court is unable to contact him because he has failed to

3

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on April 30, 2019.

s/ Linda R. Anderson  
UNITED STATES MAGISTRATE JUDGE

---

maintain a current address with the Court. Nevertheless, Petitioner should be afforded the opportunity should he file a timely objection to this report and recommendation.